UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-1384(DSD/AJB)

Heather Hemmingsen,

       Plaintiff,

v.                              **ORDER**

Messerli & Kramer, P.A. and
Discover Bank,

       Defendants.

    Trista M. Roy, Esq., Consumer Justice Center, 367 Commerce Court, Vadnais Heights, MN 55127, counsel for plaintiff.

    Jefferson C. Pappas, Esq., Derrick N. Weber, Esq. and Messerli & Kramer, 3033 Campus Drive, Suite 250, Plymouth, MN 55441, counsel for defendant.


This matter is before the court upon the motion for summary judgment by defendant Messerli & Kramer P.A. (M&K). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

This Fair Debt Collection Practices Act (FDCPA) dispute arises out of M&K's representation of Discover Bank (Discover) in a debt-collection action against plaintiff Heather J. Hemmingsen (Hemmingsen) and non-party George Hemmingsen in Minnesota state court. In August 2002, George Hemmingsen applied for a Discover credit card, which was issued to him in September 2002. On October

19, 2002, he married plaintiff. Compl. ¶ 10. He added plaintiff as a card obligor on November 9, 2002. Pappas Aff. ¶ 10. Plaintiff never requested that her name be added to the card, never received a card with her name, and never signed an application. Hemmingsen Dep. 15.

The couple separated on February 10, 2005. Compl. ¶ 10. In the marital termination agreement, Hemmingsen indicated that the Discover account was in "both" her name and her husband's name, was used for "living expenses," and that the balance owed was $3,286.17. Hemmingsen Dep. 32-33, 55-56. She does not remember seeing any account statements, and learned the specific balance by asking her husband. Id. at 57. Under the divorce decree, George Hemmingsen was responsible for the debt. Roy Aff. Ex. Q. He failed to make payments, and the account went into default.

On July 7, 2007, Discover retained M&K to collect the debt. Pappas Aff. ¶ 4. Discover provided M&K the account number and indicated that Hemmingsen was a joint card holder. Pappas Dep. 12, 27. M&K acquired account statements bearing Hemmingsen's name, a check to Discover signed by Hemmingsen from the couple's joint checking account, and the marital termination agreement. See Pappas Aff. Ex. D; Pappas Dep. 49; Hemmingsen Dep. 47; Roy Aff. Ex. O, at 3, 5. M&K knew that Hemmingsen never signed an application for the card and that she was added by telephone. Pappas Dep. 53.

M&K sued Hemmingsen and her then ex-husband in state court to recover $4,322.92. Hemmingsen denied liability for the debt. Hemmingsen and Discover both moved for summary judgment. To support its motion, M&K submitted the affidavit of Robert Adkins, the custodian of Discover's records for the account, who claimed to have "personal knowledge of the matters." Roy Aff. Ex. N. M&K also submitted a memorandum of law, claiming that Hemmingsen (1)"acknowledged the Account was held by both Defendants with an outstanding balance"; (2) accepted and used the credit account; (3) "unequivocally manifested acceptance of the Agreement terms"; (4) "used the Account for purchases, balance transfers, or cash advances"; (5) received "detailed monthly billing statements and ... retained these statements without question"; and (6) "made full or partial payments on the Account over the entire billing period." Compl. ¶ 28.

On March 24, 2009, the state court granted Hemmingsen's motion for summary judgment, denied Discover's motion for summary judgment, and dismissed all Discover's claims with prejudice. In June 2009, Hemmingsen filed the instant action alleging violations of the FDCPA, malicious prosecution, abuse of process, and attorney misconduct. M&K moves for summary judgment. The court now considers the motion.

**DISCUSSION**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)[1]; see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

---

[1] The court cites the version of Rule 56 in force at the time of the motion and oral argument.

**I.   FDCPA**

    **A.   Sections 1692d, 1692f**

The FDCPA prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" including "use or threat of use of violence" or physical harm, "obscene or profane language," publishing names of consumers who allegedly refuse to pay debts, repeated or continuous telephone calls, and "telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(1)-(6). The Act further prohibits a debt collector from using "unfair or unconscionable means" in debt collection. Id. § 1692f. "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." Strand v. Diversified Collection Servs., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citation and internal quotation marks omitted). The FDCPA is a remedial, strict liability statute. Picht v. Hawks, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999). Attorneys engaged in debt collection are subject to the FDCPA. Heintz v. Jenkins, 514 U.S. 291, 294-95 (1995).

Hemmingsen alleges that M&K harassed her and employed unfair practices by maintaining the state court action and moving for summary judgment "despite having absolutely no evidence tying her

5

to the Discover account or alleged debt." Pl.'s Mem. Opp'n 15. The record indicates, however, that the marital termination agreement, account statements bearing Hemmingsen's name and a $20 check to Discover bearing her signature tied Hemmingsen to the debt. The fact that the state court denied M&K's summary judgment motion and granted Hemmingsen's does not, on its own, indicate that M&K harassed her or used unfair practices to collect the debt. Because plaintiff presents no other evidence that M&K harassed her or used unfair means, the claim under §§ 1692d and 1692f fails.

### B. Section 1692e

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e, e(10). Hemmingsen claims that statements in M&K's motion for summary judgment violate this section.

M&K argues that § 1692e does not apply because the memorandum of law was directed to the court and Hemmingsen was represented by counsel. The courts of appeals are divided on whether communications with a debtor's attorney are actionable under the FDCPA, and the Eighth Circuit has not decided this precise issue. See Richmond v. Higgins, 435 F.3d 825, 828 (8th Cir. 2006) (declining to decide if FDCPA applies to communications with

6

debtor's attorney); see also Allen ex rel. Martin v. LaSalle Bank, N.A., No. 09-1466, 2011 WL 94420, at *3 (3d Cir. Jan. 12, 2011) (FDCPA applies); Sayyed v. Wolfpoff & Abramson, 485 F.3d 226, 232-33 (4th Cir. 2007) (same); Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934-39 (9th Cir. 2007) (FDCPA does not apply); Kropelnicki v. Siegel, 290 F.3d 118, 129-31 (2d Cir. 2002) (same). The Eighth Circuit has held, however, that a debt collector's false representation to a third party did not violate the FDCPA when no false representation was made directly to the plaintiff. See Volden v. Innovative Fin. Sys., Inc., 440 F.3d 947, 954 (8th Cir. 2006). The court reasoned that "[t]he weight of authority applying section 1692e does so in the context of a debt collector making a false, deceptive, or misleading representation *to the plaintiff*." Id. Here, any false representation was made to the court, not to Hemmingsen. See Gionis v. Javitch, Block, Rathbone, LLP, 238 F. App'x. 24, 29-30 (6th Cir. 2007) (misrepresentations in affidavit served *on debtor* actionable under FDCPA); Gallagher v. Gurstel, Staloch & Chargo, P.A., 645 F. Supp. 2d 795, 800 (D. Minn. 2009) (same). Accordingly, the court finds that § 1692e does not apply to alleged misrepresentations in M&K's memorandum. Therefore, summary judgment is warranted.[2]

---

[2] As a result, the court need not consider M&K's other arguments for summary judgment or whether the bona fide error defense applies.

7

## II. Malicious Prosecution, Abuse of Process and Violations of Minn. Stat. § 481.071

To state a claim for malicious prosecution, plaintiff must show that the suit was (1) brought without probable cause or a reasonable belief that the plaintiff could prevail, (2) brought with malicious intent, and (3) terminated in the defendants' favor.[3] Kellar v. VonHoltum, 568 N.W.2d 186, 192 (Minn Ct. App. 1997). To prove abuse of process, plaintiff must show that there was an ulterior purpose and that defendant used the process to achieve something not within the scope of the proceedings. Id. (citing Hoppe v. Klapperich, 28 N.W.2d 780, 786 (Minn. 1947)).

Hemmingsen argues that filing the state court action constituted malicious prosecution and abuse of process because M&K "knew there was a complete lack of evidence that [Hemmingsen] was responsible for the debt in question." Pl.'s Mem. Opp'n 27-28. The court has already rejected Hemmingsen's "complete lack of evidence" argument. Hemmingsen presented no evidence to show that

---

[3] The court exercises supplemental jurisdiction over Hemmingsen's remaining claims. See 28 U.S.C. § 1367(a); McLain v. Andersen Corp., 567 F.3d 956, 965 (8th Cir. 2009) ("[P]ursuant to 28 U.S.C. § 1367, courts have the discretion to exercise supplemental jurisdiction over remaining state-law claims even after the district court has dismissed all claims over which it has original jurisdiction.") (citation and internal quotation marks omitted). Because Hemmingsen's federal and state claims arise from the same facts, deciding both claims in one proceeding promotes judicial efficiency. See OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) (exercise of supplemental jurisdiction appropriate when claims would ordinarily be expected to be tried in one proceeding).

M&K acted with malicious intent or with an ulterior purpose. Accordingly, summary judgment is warranted.

Under Minnesota Statutes § 481.071, a plaintiff must show that the attorney-defendant engaged in "deceit or collusion ... with intent to deceive the court or any party." This section applies only to intentional fraud or deceit. See Gilchrist v. Perl, 387 N.W.2d 412, 419 (Minn. 1986); see also Resler v. Messerli & Kramer, P.A., No. Civ. 02-2510, 2003 WL 193498, at *2-3 (D. Minn. Jan. 23, 2003) (conduct of attorney who received letter from debtor in "response to [the] summons" and then filed affidavit stating no answer had been received may constitute deceit). There is no evidence that M&K engaged in deceit or fraud actionable under this provision. Therefore, summary judgment is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that M&K's motion for summary judgment [ECF No. 44] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: February 7, 2011

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court